**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
ARTHUR L. HAIRSTON, SR.,      :
                              :  Civil Action No. 06-358 (JBS)
          Plaintiff,          :
                              :
     v.                       :  OPINION
                              :
JOHN NASH, Warden,            :
F.C.I. Fort Dix,              :
                              :
          Defendant.          :
```

**APPEARANCES:**

    ARTHUR L. HAIRSTON, SR., Plaintiff pro se
    # 03705-087
    F.C.I. Fort Dix
    P.O. Box 38
    Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge

    Plaintiff Arthur L. Hairston, Sr. ("Hairston"), a federal prisoner confined at the F.C.I. Fort Dix in Fort Dix in Newark, New Jersey, has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  He names only the Warden, John Nash as

---

[1] Section 2241 provides in relevant part:

    (a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. ...

    (c)  The writ of habeas corpus shall not extend to a prisoner unless– (1)  He is in custody under or by color of the authority of the United States ... .

    Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of

a party respondent.  On March 22, 2006, in response to this Court's Order dated March 10, 2006, Hairston filed an application to proceed in forma pauperis.  For the reasons set forth below, the Court finds that Hairston's action is more properly construed as a complaint seeking injunctive relief with respect to a denial of access to the courts claim, in violation of the First Amendment, rather than a § 2241 habeas petition, and concludes that the complaint should be dismissed without prejudice for failure to state a claim.

I.   BACKGROUND

Hairston characterizes his action as a petition for habeas relief under 28 U.S.C. § 2241.  Upon review of the petition and the allegations set forth therein, it does not appear that Hairston seeks his immediate or earlier release from prison, nor does he challenge the manner in which his sentence is being executed.  Rather, Hairston complains that he has been deprived access to the courts with respect to prosecuting his 28 U.S.C. § 2255 motion.  In particular, Hairston alleges that some of the case law books are missing or removed from the prison law library, and he needs these volumes to prepare substantive arguments in his § 2255 motion.  Hairston has filed

---

unlawful custody.  A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment.  Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).

administrative grievance forms with the Bureau of Prisons ("BOP"). The BOP responded that the library is stocked with all approved and appropriate reference materials and manuals as required by national policy.

Hairston appears to ask for injunctive relief, directing the Warden to provide him with access to the courts by having a complete prison law library. The petition does not seek early release or money damages.

The Court notes that Hairston filed an earlier, somewhat similar action under § 2241, which was dismissed by the dsitrict court on October 14, 2005. See Hairston v. Nash, Civil No. 05-2203 (FLW).[2] Hairston appealed from the October 14, 2005 Order, and the United States Court of Appeals for the Third Circuit summarily affirmed the district court by opinion entered on March 31, 2006. In particular, the Third Circuit noted that it appeared Hairston was attempting to raise an access-to-courts claim under the First Amendment. The Third Circuit further stated:

> Such a claim, while not properly brought in a petition for habeas corpus, does not implicate the Due Process Clause and would not, therefore, be foreclosed by the absence of a protected liberty interest. See Allah v. Seiverling, 229 F.3d 220, 223-24 (3d Cir. 2000). We stress, however, that this potential First Amendment claim is not viable either,

---

[2] This first action related to Hairston's transfer from another prison facility, which he claims interfered with his ability to prepare a reply to the Government's motion in his § 2255 proceedings.

>    as Hairston has not demonstrated any actual injury.  See
>    Lewis v. Casey, 518 U.S. 343, 349 (1996).  Hairston fails to
>    explain how his § 2255 proceedings were prejudiced by his
>    inability to oppose the Government's motion.

(Mandate of USCA, with opinion, filed on March 31, 2006, Document Entry No. 14 in Hairston v. Nash, Civil No. 05-2203 (FLW)).

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part:

>    A court, justice or judge entertaining an
>    application for a writ of habeas corpus shall forthwith
>    award the writ or issue an order directing the
>    respondent to show cause why the writ should not be
>    granted, unless it appears from the application that the
>    applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to the relief sought.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

III. ANALYSIS

A. Hairston's Pleading Does Not Seek Habeas Relief

In Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions. 411 U.S. at 499-500. The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement. Royce, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative." Id. A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered." Id.

Here, it is clear that Hairston is not challenging the fact or duration of his confinement in this action. Rather, Hairston is asserting that he has been denied access to the courts, in violation of his First Amendment rights, because the prison where he is confined allegedly has an inadequate law library. Specifically, Hairston complains that several casebooks are missing or unavailable, which affects his ability to reply to motions in his § 2255 proceedings.

Thus, since the relief Hairston seeks would not serve to diminish the length of his incarceration or affect the manner in

which his sentence is being executed, the present action can not be brought as a habeas corpus action under § 2241.  However, pursuant to the rule announced in Royce, the Court may consider other legitimate avenues of relief, rather than dismiss the entire action for lack of jurisdiction.  Accordingly, the Court finds that Hairston's pleading is more appropriately characterized as a declaratory judgment action for injunctive relief, and will consider this claim as a denial of access to the courts in violation of the First Amendment.[3]

---

[3]  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

B.  Access-to-Courts Claim

In his complaint, Hairston asserts only that he has been denied access to the courts because the prison law library is not adequately stocked with case law books he needs in his § 2255 proceedings.  The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances.  Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983).  In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights.  Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds,

---

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).  Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges.  See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000).  But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of

8

court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

Here, the complaint is completely devoid of any allegation that Hairston has suffered actual injury as a result of the alleged inadequate law library. Moreover, it is clear that Hairston was able to file this action, as well as another similar action, without any allegations that his efforts to do so were encumbered in any way. Indeed, the Third Circuit expressly found

that Hairston's potential First Amendment claim was not viable because he did not demonstrate any actual injury, nor did Hairston explain how his § 2255 proceedings were prejudiced by his alleged inability to oppose the Government's motion to dismiss.  Therefore, Hairston does not show actual injury with respect to his general claim in this action that he was denied access to the courts and the complaint will be dismissed without prejudice in its entirety for failure to state a claim.

### V.  CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice, in its entirety, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge
Dated:  **June 26, 2006**